Michael Mackey, M.D. Director, AHEC Northeast 223 East Jackson Jonesboro, Arkansas 72401
Dear Dr. Mackey:
This official Attorney General opinion is issued in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that you have been informed by the Office of Human Resources for UAMS that you are the subject of a FOIA inquiry. You have been further informed that the custodian of the records intends to release all information in your personnel records, except the following:
• Your social security number
• Your home telephone number (if unlisted)
• Your benefit choices and levels of coverage
• Your performance appraisal documents
• Any employee disciplinary notices
You do not question the custodian's decision regarding the above-listed information; however, you object to the release of the following information in your personnel records:
• Your wife's name
• Your home address
• Your parents' names and their address
• Your children's names
Finally, you indicate your belief that the information is being requested by a person who may be mentally unstable and whose purpose for requesting the information is to harass or cause harm to your family.
You have inquired as to whether the custodian's decision to release this information is consistent with the FOIA.
It is my opinion, as explained more fully below, that under the Arkansas Supreme Court's decisions, the question of whether this information should be released will depend upon factual determinations that must be made by the custodian of the records regarding the purpose for which the information has been requested, and regarding the reasons that you would prefer that the requested information remain private.
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10). For this reason, personnel records are often released with information redacted from them, if the release of that particular information would be deemed to constitute a "clearly unwarranted invasion of personal privacy."
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test in which the public's interest in the requested record is weighed against the affected individual's interest in keeping the record private.
The court stated in Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992):
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young, 308 Ark. at 598.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also WATKINS, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 126.
The Arkansas Supreme Court recently reiterated the standard and balancing test set forth in Young, in Stilley v. McBride, 332 Ark. 306, ___ S.W.2d ___ (1998). In Stilley, the court upheld the decision of a lower court allowing the home addresses of certain city police officers to be withheld from disclosure. To reach this decision, the court employed theYoung balancing test. That is, the court weighed the public interest in the requested records against the affected individuals' privacy interest in withholding them. In considering the "public interest" prong of the balancing test, the court (following the recent U.S. Supreme Court decision in Department of Defense v. FLRA, 510 U.S. 487 (1994)) specifically examined the degree to which the release of address information would serve the purpose of the FOIA. That purpose, the court stated, is to keep the citizens of the state "advised of the performance of their public officials." Id. at 314. The court found that the purpose for which the addresses were requested in Stilley (i.e., to enable the requester to obtain service of process on the individuals) did not further the purpose of the FOIA. For this reason, the court found a relatively insubstantial public interest in the records, which was, on balance, outweighed by the privacy interest in withholding them from disclosure.
In considering the "privacy interest" prong of the balancing test, the court found that the city had met its burden of proving that the addresses should not be released by presenting arguments concerning the police officers' expectations of their families' safety at home, and concerning the potential harassment or nuisance of people visiting or contacting officers at home. These concerns, the court held, outweighed the negligible public interest in the requested records. The records were therefore properly withheld from disclosure.
Under the holding of Stilley, I must conclude that in order for the custodian to withhold from disclosure the information about which you have inquired, he or she must make certain factual determinations. The custodian must examine the purpose for which the information is being requested, and must determine whether that purpose furthers the purposes of the FOIA. The custodian must also consider the reasons that you would prefer that the information remain private. If, upon consideration of these matters, the custodian determines as a factual matter that the information is being requested for the sole purpose of harassment, the custodian, following Stilley and the authorities upon which Stilley
relied, should redact the information from your personnel files before they are released.
I reiterate that the question of whether this information should be released will depend upon the custodian's factual determinations. For this reason, I can state no general conclusions concerning the type of information about which you are concerned. In this regard, I must note that there may be instances in which the public interest in such information could outweigh any privacy interest therein.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh